IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MELISSA C. CLOUD MORSE | : | |
| Plaintiff, | : | CIVIL ACTION NO. 06-313 SLR |
| vs. | : | |
| NEW CASTLE COUNTY POLICE DEPARTMENT | : | |
| Defendant. | : | |

**DEFENDANT NEW CASTLE COUNTY POLICE DEPARTMENT'S
MOTION TO DISMISS THE COMPLAINT**

Defendant New Castle County Police Department (the "Department") submits this Motion to Dismiss the Complaint filed by Melissa C. Cloud Morse ("Plaintiff").

**STATEMENT OF MATERIAL FACTS**

Plaintiff applied for employment in the position of a 9-1-1 Emergency Call Operator ("ECO") with New Castle County government. On April 28, 2003 Plaintiff received notice from New Castle County government, through the New Castle County Department of Human Resources by way of correspondence from then Chief Human Resources Officer Patricia Lutz DiIenno, that Plaintiff had been <u>tentatively</u> selected to fill the position of ECO conditioned upon Plaintiff passing the pre-employment physical and psychological examination. (*See* Exhibit 1). Plaintiff was subsequently advised on May 16, 2003 through the New Castle County Human Resources Department, by way of correspondence from then Chief Human Resources Officer Patricia Lutz DiIenno, pursuant to NCC Code Chapter 26, Section 26.03.305, (*See* Exhibit 2), that Plaintiff did not meet the eligibility standards of the pre-employment medical examination

for the position of ECO. New Castle County government, thus, rescinded the tentative offer of employment. (*See* Exhibit 3) Plaintiff has brought suit against the New Castle County Police Department alleging employment discrimination under 42 U.S.C. §2000e-5. Plaintiff seeks equitable and other relief under 42 U.S.C. §2000e-5(g).

## ARGUMENT

I. **The Complaint Must Be Dismissed as the New Castle County Police Department is a Non-Suable Entity**

The named Defendant New Castle County Police Department is *non sui juris,* i.e., a non-suable entity. *See Ronald W. Breitigan v. State of Delaware, et al.,* 2003 WL 21663676 (D.Del.). *Breitigan* is dispositive of the present motion.[1] As stated in *Breitigan*, "The question of a state entity's amenability to suit is governed by state law. FED.R.CIV.P. 17(b). Furthermore, if the board or department is not a corporate body it cannot be sued as such, e.g., a police board, a board of workhouse directors, a board of park commissions, a housing authority, or a board of public works..." 3 EUGENE MCQUILLAN, THE LAW OF MUNICIPAL CORPORATIONS, §12.40 (1990). In the present case, as is made clear by the New Castle County Code, the New Castle County Police Department and Trustees are not separate entities for purposes of suit, but rather, are distinct departments or entities of the County government itself. See Del.Code Ann.tit. 9, §§ 1331, 1332, 1384 (setting forth the duties and powers of the Department and the Trustees, but failing to list a provision for suing or being sued); NCC §§ 2.05.200, 2.05.505." *Breitigan* at p. 2-3. Therefore, in conformance with the above cited authority, this Court must dismiss Plaintiff's action as Plaintiff has named in the complaint a non-suable entity.

---

[1] In the present case, as in *Breitigan,* New Castle County government, through the Department of Human Resources, not the New Castle County Police Department, took the administrative action in question concerning Plaintiff's application for employment.

2

III. **CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint should be dismissed.

Respectfully submitted,


Dated: August 9, 2006

/s/  *Eric Leonard Episcopo*
ERIC LEONARD EPISCOPO
First Assistant County Attorney
Bar I.D. No. 2258
New Castle County Law Department
87 Reads Way
New Castle, DE 1920
*Attorney for Defendant*

# EXHIBIT 1

S P. GORDON  
TY EXECUTIVE

PATRICIA LUTZ DIIENNO  
CHIEF HUMAN RESOURCES OFFICER



OFFICE OF HUMAN RESOURCES

April 28, 2003

Melissa C. Cloud Morse  
2 Greenbridge Drive  
Newark, DE  19713

Dear Ms. Cloud Morse:

You have been **tentatively** selected to fill the position of Emergency Call Operator with the Police Department. The last steps in this process are the pre-employment physical and the psychological examination. You are **not** to notify your present employer, if you are employed, until this tentative selection has been turned into an official offer. Failure to pass the last portions of this process or to appear for an event will disqualify you from further consideration. Should you have any questions, please do not hesitate to contact me. We will be back in touch with you as soon as results from these events are available. We have scheduled you for these examinations as follows:

## Psychological:

**TIME & DATE:** 9:00 a.m., on Friday, May 2, 2003  
**LOCATION:** Dr. Kevin Keough  
1202 N. West St. (12th & West), Wilmington, DE  
(This examination will take approximately four hours to complete.)

## Pre-Employment Physical:

**TIME & DATE:** 9:00 a.m., on Wednesday, April 30, 2003  
**LOCATION:** **Omega Medical Center** - Omega is located in the Omega Professional Center, directly across the street from Christiana Hospital on Route 4 in Newark. Omega Medical Center is in **Building K** in the Professional Center.

No breakfast, liquids, or medication 8 hours prior to this physical (water permitted); complete the medical history form prior to the physical. You are required to bring any glasses or contact lenses which have been prescribed to you, and you are not to wear contact lenses to this examination. Following the physical examination you will have a blood test at Omega Professional Center as well. This entire physical will take approximately three hours to complete. **Drug and alcohol testing** will be administered as part of your pre-employment physical examination. Be sure to provide the Omega Medical Center with a list of any prescription medications which you are currently taking.

Very truly yours,

Patricia Lutz DiIenno, Ed.D.  
Chief Human Resources Officer

cc: John L. Cunningham  
Emergency Communications Division  
Dr. Kevin Keough  
Omega Medical Center  
File

87 READS WAY, NEW CASTLE, DE 19720                         PHONE: 302-395-5180    FAX: 302-395-5190

# EXHIBIT 2

### Sec. 26.03.304. Employment requirements.

A. All classified positions in the County shall be open only to those who meet minimum job requirements as listed on the public announcement of the examination. Such requirements must be job related and may include, but shall not be limited to, the following factors: experience, education, training, age and physical condition. No consideration will be given to political or partisan endorsement or to other nonmerit factors.

B. Applications will not be accepted from any person below the minimum working age. Persons sixty (60) years of age or older at the time of hire will not be eligible to join the County employees' pension plan.

C. The County Executive may prohibit employees from holding jobs with other employers during the employees' tenure with the County, if such outside work creates a conflict of interest.
(Ord. No. 98-047, § 1(26-179), 5-12-1998)

### Sec. 26.03.305. Rejection of applications.

The Chief Human Resources Officer may reject any application which indicates that the applicant does not meet all of the requirements as specified in the official job announcement or did not satisfactorily complete the prescribed application forms. An applicant also may be rejected if he or she fails to qualify on the County's preemployment medical examination making the individual unable to perform the essential functions of the position (if a reasonable accommodation is necessary to enable the applicant to perform the essential functions of the job, reasonable attempts will be made to adjust the situation through such accommodation), if he or she is addicted to the habitual excessive use of drugs or intoxicating liquor, if he or she has ever been convicted of a felony which directly affects job qualifications, if he or she has ever been dismissed from the public service for delinquency or misconduct, if he or she has made false statements of any material fact, if he or she is a member of any organization which advocates the overthrow of the government of the United States by force or violence, if he or she has practiced or attempted to practice any deception or fraud in his or her application, or if his or her past employment record is unsatisfactory as determined by the Chief Human Resources Officer. Whenever an application is rejected, notice of such rejection shall be mailed to the applicant by the Chief Human Resources Officer stating the reason. An applicant, upon certification of his or her rejection, may appeal his or her rejection within fifteen (15) days to the Human Resources Advisory Board which shall make the final decision.
(Ord. No. 98-047, § 1(26-180), 5-12-1998)

### Sec. 26.03.306. Open competitive examinations.

A. Positions in the classified service, when they are to be filled by recruitment from outside the service, shall be filled through examinations open to the public. Examinations may be assembled or unassembled and may include, but shall not be limited to, written, oral, physical or performance tests or any combination of these. They may also take into consideration such factors as education, training, experience, aptitude, knowledge, skill or any other merit and job-related qualifications which the Chief Human Resources Officer shall determine to be appropriate. The Chief Human Resources Officer may require applicants to submit proof of their age and military service at the time of the examination and will keep a record of this information. The examination process shall maximize reliability, objectivity and validity through a practical and job-related assessment of applicant attributes necessary for successful job performance and career development.

B. Vacancies in classifications that shall be determined by the Chief Human Resources Officer as being at the entry level shall be filled by qualified applicants by methods as may be developed by the Chief Human Resources Officer.
(Ord. No. 98-047, § 1(26-181), 5-12-1998)

### Sec. 26.03.307. Promotional examinations.

A. Promotional examinations shall be open to all employees who have satisfactorily completed their probationary period in a lower class position and who meet the minimum qualification requirements for the promotional position.

# EXHIBIT 3



THOMAS P. GORDON
COUNTY EXECUTIVE

PATRICIA LUTZ DIIENNO
CHIEF HUMAN RESOURCES OFFICER

OFFICE OF HUMAN RESOURCES

May 16, 2003

Melissa C. Cloud Morse
2 Greenbridge Drive
Newark, DE 19713

Dear Ms. Cloud Morse:

Please be advised that you have been unsuccessful in meeting the eligibility standards of the pre-employment Class III medical examination for the position of Emergency Call Operator. Accordingly, we are rescinding our offer of employment which was made to you.

Should you have any questions regarding this examination, please contact Deirdre O'Connell at the Omega Medical Center at 368-9625.

Very truly yours,

Patricia Lutz DiIenno, Ed.D.
Chief Human Resources Officer

cc: John L. Cunningham
    Police Communications Division
    Omega Medical Center
    File

G:\HR\NEWHIRES\FAILED PHYSICAL.doc

87 READS WAY, NEW CASTLE, DE 19720         PHONE: 302-395-5180  DEPT. OF LAW  FAX: 302-395-5190

NCC
JUL 0 3 2003
DEPT. OF LAW

# UNREPORTED CASE(S)

# Westlaw.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2003 WL 21663676 (D.Del.)

**(Cite as: 2003 WL 21663676 (D.Del.))**

Page 1

H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
**Ronald W. BREITIGAN**, Plaintiff,
v.
STATE of Delaware, et al., Defendants.
**No. 02-1333-GMS.**

July 16, 2003.

*MEMORANDUM AND ORDER*

SLEET, J.

**I. INTRODUCTION**

\*1 On July 29, 2002, Ronald W. Breitigan ("Breitigan") filed the above-captioned action alleging age discrimination in violation of 29 U.S.C. § 623 *et seq.*, the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Due Process Clauses of the Fifth and Fourteenth Amendments. [FN1] Specifically, Breitigan alleges that the New Castle County Police Department ("the Department") and the New Castle County Employees' Retirement System Board of Trustees ("the Trustees") impermissibly forced him to retire at the age of fifty-five. He has also named the State of Delaware Board of Pension Trustees ("State Board") as a defendant because he contends that its involvement is required to effectuate his remedy of choice.

> FN1. Although this case was originally assigned to the Honorable Joseph Farnan, Jr., it was reassigned to the present court on April 9, 2003.

Presently before the court are defendants' motions to dismiss. For the following reasons, the court will grant these motions.

**II. BACKGROUND**

On June 27, 1988, Breitigan began his employment as a New Castle County Police Officer. He remained with the Department until his retirement on May 22, 2001, which was mandatory pursuant to New Castle County Code Section 26.04.106(A). Upon his retirement, he received a pension benefit based, in part, on his thirteen years of service with the Department.

Following his termination, he obtained employment with the Delaware Division of Alcohol and Tobacco Control. In this capacity, he is now a member of the State Employee's Pension Plan, which is managed and administered by the State Board. He maintains, however, that his current salary is significantly lower than what he earned as a county policy officer, and he has lost all service credit from his county police service. Thus, when he retires at age sixty-five, he will have thirteen years of pension credit under the county plan and ten years under the State Employees' plan. The present lawsuit seeks to redress this situation, in part, by requesting that his current membership in the State Employees' Plan be consolidated with his prior membership in the County Employees' Retirement System.

**III. STANDARD OF REVIEW**

The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz,* 1 F.3d 183 (3d Cir.1993). Thus, in deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them." *Markowitz v. Northeast Land*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 2

Not Reported in F.Supp.2d, 2003 WL 21663676 (D.Del.)

**(Cite as: 2003 WL 21663676 (D.Del.))**

*Co.*, 906 F.2d 100, 103 (3d Cir.1990). In particular, the court looks to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn v. Upper Darby Tp.*, 838 F.2d 663, 666 (3d Cir.1988). However, the court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir.1997). The court will only dismiss a complaint if " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." ' *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Thus, in order to prevail, a moving party must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

IV. DISCUSSION

A. New Castle County's Motion to Dismiss

*2 The County seeks to dismiss Breitigen's first amended complaint because (1) service of process was improper; (2) the Department and the Trustees are non sui juris; and (3) the complaint fails to state a claim. Because the court concludes that the case must be dismissed on the first two grounds, it need not reach the third.

1. Insufficiency of Service

On October 30, 2002, Breitigan served the original complaint against the Department on the County Executive and Chief Administrative Officer. He served his amended complaint, which added the Trustees, on March 6, 2003. Apparently acting pursuant to Federal Rule of Civil Procedure 5, he served the amended complaint on the New Castle County Law Department, rather than on the parties themselves. The Department and the Trustees now maintain that the suit against them must be dismissed for improper service. For the following reasons, the court agrees that service was improper.

While Breitigan is correct that Federal Rule of Civil Procedure 5 permits certain papers and pleadings to be served on the party's attorney, he must first have effected proper service pursuant to Federal Rule of Civil Procedure 4. He has failed to do so in the present case. Specifically, if, as Breitigan argues, the Department is a suable entity in and of itself, service of the original complaint must have been effected on the Chief of Police as Chief Executive Officer for the New Castle County Police Department. There is no dispute that the original complaint was served only on the County Executive and Chief Administrative Officer. Accordingly, service of the amended complaint via certified mail to First Assistant County Attorney Megan D'Iorio is clearly improper.

Additionally, the Trustees were not a party to the original complaint. Thus, there can be no dispute that service on their attorney pursuant to Federal Rule of Civil Procedure 5 in the first instance was improper.

2. Non-Suable Entities

Although the court has concluded that service was improper as to both the Department and the Trustees, its decision to dismiss the case against them need not rest solely on the lack of proper service. Rather, the court further finds that neither the New Castle County Police Department nor the Trustees are suable entities.

The question of a state entity's amenability to suit is governed by state law. Fed. R. Civ. P. 17(b). Furthermore, "if the board or department is not a corporate body it cannot be sued as such, e.g ., a police board, a board of workhouse directors, a board of park commissions, a housing authority, or a board of public works...." 3 Eugene McQuillan, The Law of Municipal Corporations, § 12.40 (1990).

In the present case, as is made clear by the New Castle County Code, the New Castle County Police Department and Trustees are not separate entities for purposes of suit, but rather, are distinct departments or entities of the County government

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                            Page 3

Not Reported in F.Supp.2d, 2003 WL 21663676 (D.Del.)

**(Cite as: 2003 WL 21663676 (D.Del.))**

itself. *See* Del.Code Ann. tit. 9, §§ 1331, 1332, 1384 (setting forth the duties and powers of the Department and the Trustees, but failing to list a provision for suing or being sued); NCCC §§ 2.05.200, 2.05.505. Additionally, the court finds that neither the Department nor the Trustees took action to terminate Breitigan's employment. Indeed, the Trustees did not act until Breitigan voluntarily filed his pension application on October 31, 2001. The Trustees then processed this application in accordance with the terms of the County Code. The Trustees have no authority to deviate from the terms of the Code, and simply, as a ministerial matter, authorized Breitigan's pension application. Furthermore, Breitigan's employment was terminated by the New Castle County government as an administrative matter consistent with the terms of the current New Castle County Code, specifically, Merit System Rules Pension Plan, Div. 26.03.900 *Separation and Disability,* § 26.03.908 *Retirement.* Nothing on these facts even arguably demonstrates that the Department or the Trustees could be considered a corporate body separate and apart from the County government itself.

*3 As the Department and Trustees are non sui juris, this action must be dismissed as to them. In so holding, however, the court expresses no opinion on the merits of this action were Breitigan to name the proper entity as a defendant.

B. The State of Delaware's Motion to Dismiss

The State Board controls and manages the Delaware Public Employees' Retirement System, which in turn controls and manages the funds for numerous public employee pension and retirement plans. *See* Del.Code Ann. tit. 29, § 8308. Included in its control are the State Employees' Pension plan, and the County and Municipal Police/Firefighter Retirement Fund. The State Board also manages the County and Municipal Employees' Retirement Fund, which covers all non-police county employees.

As Breitigan acknowledges, the crux of his complaint is "the wrongful conduct by the County Defendants in terminating his employment and cutting off his salary and pension rights." As redress for this alleged wrong, he seeks to consolidate his current membership in the State Employees' Plan with his prior membership in the County Employees Retirement System. It is as a result of this desire to consolidate his retirement benefits that he seeks a declaratory judgment against the State Board. For the following reasons, however, the court concludes that Breitigan's declaratory judgment claim must fail.

Article III, Section 2 of the United States Constitution requires the existence of an actual case or controversy before a federal court may exercise jurisdiction over a matter. In order to determine the difference between a hypothetical question and an actual controversy in an action for declaratory judgment, the "question is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941). The Court of Appeals for the Third Circuit has formulated the following three-part test to determine whether sufficient "ripeness" exists for the purposes of a declaratory judgment: (1) whether the parties' interests are adverse, (2) whether a judicial judgment would be conclusive as to rights; and (3) the practical help, or utility of that judgment. *Step-Saver Data Systems, Inc. v. Wyse Technology,* 912 F.2d 643, 647 (3d Cir.1990). [FN2]

> FN2. In *Abbott Labs v. Gardner,* 387 U.S. 136 (1967), the Supreme Court established a two-part test for determining whether a prayer for a declaratory judgment is ripe. Specifically, the Court directed lower courts to consider (1) "the fitness of the issues for judicial decision" and (2) "the hardship to the parties of withholding court consideration." *Id.* at 149. Contrary to Breitigan's assertions, however, the Third Circuit's *Step-Saver* test is not a separate and distinct test from that described in *Abbott Labs,* but is merely a refinement of the *Abbott Labs* test. *See Philadelphia*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                    Page 4
Not Reported in F.Supp.2d, 2003 WL 21663676 (D.Del.)
**(Cite as: 2003 WL 21663676 (D.Del.))**

*Fed. of Teachers v. Ridge,* 150 F.3d 319, 323, n. 4 (3d Cir.1998) (explaining that the Third Circuit's refinement simply alters the headings under which various factors are placed).

1. Adversity of Interests

In order for Breitigan to satisfy the adversity requirement of the ripeness test, he must show either (1) present adversity of legal interests between the parties; or (2) immediacy and reality of future harm. *See Moore Corp. Ltd. v. Wallace Computer Srvs., Inc.,* 898 F.Supp. 1089, 1095 (D.Del.1995). In the present case, no adversity of legal interest exists between the State Board and Breitigan. He has not applied for eligibility for retirement pension benefits from his past New Castle County employment, nor from his current Delaware Division of Alcohol and Tobacco Control employment. Indeed, in his opposition brief, he states that, "[a]ssuming that the State Board takes the position that it should administer the State Employees' Plan as written, it necessarily must take an adverse legal interest from the plaintiff regarding his pension rights." *See* D.I. 46 at 6 (emphasis added). Therefore, Breitigan himself acknowledges that it is unclear at the present time how the State Board will act when called upon to determine his retirement benefits. Thus, any adversity between the parties on the facts of the present dispute is purely hypothetical at this point.

*4 Finally, Breitigan has made no allegation that he has, or will, in the immediate future, apply for pension benefits from the State Board. Thus, there is no immediacy and reality of future harm.

2. Conclusivity of Judicial Decree

The second part of the *Step-Saver* test requires the court to consider whether any decision it makes will conclusively define and clarify the legal rights of the parties, or whether its decision would amount to no more than an advisory opinion. *See Step-Saver,* 912 F.2d at 648. For the following reasons, the court concludes that any decision in this case would be tantamount to an impermissible advisory opinion.

Breitigan's requested declaratory judgment against the State Board would only determine his eligibility to a state pension based on the years he spent employed at his respective jobs to the present time. The court cannot account for all future contingencies that may occur between now and the day Breitigan retires from public service. As such, even were the court to find that the New Castle County Police Department had impermissibly forced Breitigan into retirement, and that the State Board should thus adjust his pension plan to account for County's actions, at the present time, there is no way of knowing how long Breitigan will actually remain in the employ of the State. It is apparent then, that for the court to entertain this declaratory judgment action would merely be advising Breitigan of his rights upon a hypothetical state of facts.

3. Utility

To satisfy the final *Step-Saver* prong, the court must find that its decree will be useful in the sense that it will affect the parties' plans or actions. *See Step-Saver,* 912 F.2d at 649, n. 9. In the present case, the court finds that Breitigan's declaratory judgment action fails to satisfy this prong of the *Step-Saver* test as well. Specifically, Breitigan himself states in his opposition brief that, "[t]he main thrust of [his] claims is the wrongful conduct by the County Defendants in terminating his employment and cutting off his salary and pension rights. The State Board fails to discuss the fact that [his] separate claims against the County Defendants will continue with or without the State Board's involvement." D.I. 46 at 9. As Breitigan acknowledges that his action against the State Board will have little, if any, effect on the gravamen of his complaint, the court must find that no useful purpose would be served by entertaining a declaratory judgment action against the State Board at this time.

V. CONCLUSION

For the aforementioned reasons, IT IS HEREBY ORDERED that:
  1. The New Castle County Police Department and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                       Page 5
Not Reported in F.Supp.2d, 2003 WL 21663676 (D.Del.)
**(Cite as: 2003 WL 21663676 (D.Del.))**

Employees Retirement System Board of Trustees' Motion to Dismiss (D.I.36) is GRANTED.
2. The State of Delaware Board of Pension Trustees' Motion to Dismiss (D.I.42) is GRANTED.
3. With regard to his allegations against New Castle County, Breitigan shall amend his complaint to reflect suit against the proper entity within fifteen (15) days of the date of this order.
*5 4. Should Breitigan fail to timely amend his complaint, the above-captioned action shall be dismissed, with prejudice.

Not Reported in F.Supp.2d, 2003 WL 21663676 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 2006 WL 1182391 (Trial Motion, Memorandum and Affidavit) Plaintiff's Opening Brief in Support of Motion for New Trial (Mar. 31, 2006)

• 2005 WL 4114529 (Trial Motion, Memorandum and Affidavit) Plaintiff's Response in Opposition to the County's Motion for Certification of Interlocutory Appeal and Motion for Reconsideration (Dec. 29, 2005)

• 2005 WL 4114530 (Trial Motion, Memorandum and Affidavit) Plaintiff's Response in Opposition to the County's Motion in Limine to Preclude the Testimony of David Riddell and Motion in Limine to Preclude Certain Evidence (Dec. 29, 2005)

• 2005 WL 4114528 (Trial Motion, Memorandum and Affidavit) Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Stay (Dec. 5, 2005)

• 2005 WL 4114527 (Trial Motion, Memorandum and Affidavit) Plaintiff's Opposition to Defendant's Motion to Stay (Nov. 28, 2005)

• 2005 WL 4114526 (Trial Motion, Memorandum and Affidavit) Defendant New Castle County's Answering Brief in Repsonse to Plaintiff's Motion for Partial Summary Judgment and Defendant's Renewed Request for Summary Judgment (Sep. 16, 2005)

• 2005 WL 4114525 (Trial Motion, Memorandum and Affidavit) Responding Brief in Opposition to Defendant's Motion for Partial Summary Judgment (Sep. 14, 2005)

• 2005 WL 4114524 (Trial Motion, Memorandum and Affidavit) Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Sep. 1, 2005)

• 1:02CV01333 (Docket) (Jul. 29, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MELISSA C. CLOUD MORSE | : | |
| Plaintiff, | : | CIVIL ACTION NO. 06-313 SLR |
| vs. | : | |
| NEW CASTLE COUNTY POLICE DEPARTMENT | : | |
| Defendant. | : | |

CERTIFICATE OF SERVICE

I, ERIC LEONARD EPISCOPO, First Assistant County attorney hereby certify that on August 9, 2006, I have electronically filed Defendant, New Castle County Police Department's Motion to Dismiss with the Clerk of the court using CM/ECF and have mailed by United States Postal Service, two (2) copies to Plaintiff as follows:

> Melissa C. Cloud Morse
> 2 Greenbridge Drive
> Newark, DE 19713

Dated: August 9, 2006

NEW CASTLE COUNTY
LAW DEPARTMENT

　　/s/   *Eric Leonard Episcopo*
ERIC LEONARD EPISCOPO
First Assistant County Attorney
Bar I.D. No. 2258
87 Reads Way
New Castle, DE 1920
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MELISSA C. CLOUD MORSE | : | |
| Plaintiff, | : | CIVIL ACTION NO. 06-313 SLR |
| vs. | : | |
| NEW CASTLE COUNTY POLICE DEPARTMENT | : | |
| Defendant. | : | |

**PROPOSED ORDER**

IT IS HEREBY ORDERED that The New Castle County Police Department's Motion to Dismiss is GRANTED.

_____
J.