IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MELISSA C. CLOUD MORSE,          )
                                 )
          Plaintiff,             )
                                 )
     v.                          )  Civ. No. 06-313-SLR
                                 )
NEW CASTLE COUNTY POLICE         )
DEPARTMENT,                      )
                                 )
          Defendant.             )

**MEMORANDUM ORDER**

Att Wilmington this 8th day of February, 2007, having considered defendant's unopposed motion to dismiss;

IT IS ORDERED that said motion (D.I. 4) is **granted** for the reasons that follow:

1.  Pro se plaintiff Melissa C. Cloud Morse alleges that defendant New Caste County Police Department's failure to hire her as a 9-1-1 emergency call operator constitutes discrimination under 42 U.S.C. § 20003-5.  (D.I. 1)  Instead of filing an answer to the complaint, defendant has moved to dismiss because it is a "non-suable entity."  (D.I. 4)

2.  In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiffs.  See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998).  "A

complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Id. Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiffs cannot demonstrate any set of facts that would entitle them to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The moving party has the burden of persuasion. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

3. A state entity's amenability to suit is governed by state law. Fed. R. Civ. P. 17(b). "[I]f the board or department is not a corporate body it cannot be sued as such, e.g., a police board." Breitigan v. State, 2003 WL 21663676 at *2 (D. Del. July 16, 2003). The "New Castle County Police Department and Trustees are not separate entities for purposes of suit, but rather, are distinct departments or entities of the County government itself." Id. at *2-3; see 9 Del. C. §§ 1331, 1332, 1284; NCCC §§ 2.05.200, 2.05.505. It is evident from this authority that plaintiff's claims against the named defendant cannot proceed. Therefore, plaintiff's case is dismissed without prejudice.

_____
United States District Judge